UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

THOMAS COOK,                                )
                                            )
   *Plaintiff*,                           )
                                            )
v.                                          )   Case No. 1:05-cv-136
                                            )
EDWIN McPHERSON and MARK                    )   Judge Mattice
BENDER, individually and as members         )
of the Chattanooga Police Department,       )
                                            )
   *Defendants*.                          )

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion for Summary Judgment (Court Doc. No. 19). Defendants seek summary judgment on Plaintiff's claims of false arrest, false imprisonment, and excessive force brought under 42 U.S.C. § 1983, as well as several claims brought under Tennessee law. For the reasons set forth below, the Court will **GRANT** summary judgment to Defendants.

**I.    SUMMARY JUDGMENT STANDARD**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot

weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II. FACTS

Below are the facts taken in the light most favorable to Plaintiff.

On October 26, 2002,[1] Plaintiff and his family went to eat at a suburban restaurant. (Court Doc. No. 1, Compl. 1.) As Plaintiff parked his vehicle, he was confronted by another party while still inside his car. (*Id.*) Shortly thereafter, Plaintiff

---

[1] Although Plaintiff recites that the date of the incident in question was October 26, 2003, even after correction from Defendants, the record makes clear that the events which serve as a basis for Plaintiff's Complaint did indeed transpire in 2002, not 2003. (*See*, *e.g.*, Court Doc. No. 31 at 5, Transcript of Record vol. II at 192, *State v. Cook*, No. 244384 (Tenn. Crim. Ct. May 13, 2004).)

joined his family inside the restaurant. (*Id.*) In the meantime, the party who confronted Plaintiff called the Chattanooga Police Department and claimed that Plaintiff had brandished a knife and was threatening to use it. (*Id.* at 2.) Defendant Officers McPherson and Bender responded to the call and entered the restaurant shortly thereafter. (*Id.*)

In the restaurant's waiting area, Defendants approached Plaintiff and asked him whether he was carrying a knife. (*Id.*) After Plaintiff answered that he had a knife in his pocket, Defendants grabbed Plaintiff's hands and put them first on his head and then behind his back. (*Id.*) Defendants then pushed Plaintiff head-first through a closed set of double doors that led into the parking lot. (*Id.*) Defendants pushed plaintiff to the ground, with his face to the pavement. (*Id.*) As Defendants handcuffed Plaintiff, one Defendant "jammed" his knee into Plaintiff's back. (*Id.*)

As a result of this incident, Plaintiff was charged and indicted in the Criminal Court of Tennessee, Eleventh Judicial District, for aggravated assault, T.C.A. § 39-13-102, assault, T.C.A. § 39-13-101, resisting arrest, T.C.A. § 39-16-602, and carrying a weapon, T.C.A. § 39-17-1307. (Court Doc. No. 32 at 6-9, Bill of Indictment, *State v. Cook*, No. 244384, (Tenn. Crim. Ct. May 13, 2004).) Following a jury trial, Plaintiff was convicted of all but the charge of assault against Defendant McPherson. (Court Doc. No. 32 at 1-2, Minutes of May 13, 2004, *Cook*, No. 244384.) Nothing in the record suggests that these convictions have been overturned, expunged, or called into question by a federal writ of habeas corpus.

## III. ANALYSIS

Defendants argue that Plaintiff's claims of false arrest, false imprisonment, and excessive force under § 1983 are barred by the applicable statute of limitations. "[T]he duration of the statute of limitations for § 1983 actions is governed by state law." *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir.) (2003). Section 1983 causes of action asserted within the state of Tennessee are subject to a one-year statute of limitations. *Id.*; *see also* Tenn. Code Ann. § 28-3-104(a)(3). "[H]owever, federal standards govern when the statute begins to run." *Sharpe*, 319 F.3d at 266. As such, the Court must look to federal law to address Defendants' argument.

Plaintiff has been indicted and convicted on criminal charges that arose out of the incident in question. Therefore, the Court must analyze Defendants' statute of limitations defense in light of *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Shamaeizadeh v. Cunigan*, 182 F.3d 391 (6th Cir. 1999). In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnotes omitted). Thus, *Heck* acts as a bar to certain claims under § 1983. But *Heck* also dictates when the statute of limitations of these claims begins to run. "A cause of action under § 1983 that would imply the invalidity of a conviction [and thereby trigger the bar set forth in *Heck*] does not accrue until the

conviction is reversed or expunged, and therefore the statute of limitations does not begin to run until such an event occurs, if ever." *Cunigan*, 182 F.3d at 397.

To address Defendants' statute of limitations argument, the Court must first determine whether Plaintiff's claims of false arrest, false imprisonment, and excessive force under § 1983 would implicitly invalidate his state court convictions, and therefore implicate *Heck*.

### A.     False Arrest and False Imprisonment under 42 U.S.C. § 1983

Plaintiff's false arrest and false imprisonment claims turn on whether Defendants had probable cause to arrest Plaintiff. *Gumble v. Waterford Township*, 171 Fed. App'x 502, 507 (6th Cir. 2006) (citing *Mark v. Furay*, 769 F.2d 1266, 1269 (7th Cir. 1985)). This Court could not sustain these causes of action without finding that Defendants lacked probable cause. Such a finding, however, would implicitly invalidate Plaintiff's state-court convictions, which could not stand without probable cause. Accordingly, Plaintiff's claims of false arrest and false imprisonment under § 1983 trigger *Heck*. *See Wolfe v. Perry*, 412 F.3d 707, 714-15 (6th Cir. 2005). Although the statute of limitations for these claims has not yet run—or even started, *see Cunigan*, 182 F.3d at 397, the Court will **DISMISS WITHOUT PREJUDICE** these claims as barred by *Heck*. *See Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999) (holding that appellant's § 1983 clams barred by *Heck* "must be dismissed without prejudice until the state proceedings have resulted in a not guilty verdict, or any conviction has been overturned on appeal or questioned in a federal habeas corpus petition").

### B. Excessive Force under § 1983

As Defendants also contend that Plaintiff's § 1983 claim of excessive force is untimely, the Court must also determine whether this claim implicates *Heck*. The United States Court of Appeals for the Sixth Circuit recently examined a § 1983 claim of excessive force in light of *Heck*. In *Swiecicki v. Delgado*, 463 F.3d 489 (6th Cir. 2006), the court was confronted with the issue of when the limitations period began to run on a § 1983 claim for excessive force following a conviction for resisting arrest. To determine whether *Heck* applied, the court was faced with whether the plaintiff's excessive force claim pursuant to § 1983 would have implied the invalidity of his criminal conviction for violating the city of Cleveland's resisting arrest ordinance. *Id.* at 493-94. The court found that, under Ohio law, the absence of excessive force by the arresting officer was a necessary element of the resisting arrest charge against the plaintiff. *Id.* at 494. The court therefore concluded that the plaintiff's conviction for resisting arrest implicated *Heck* in light of his § 1983 excessive force claim, in that the plaintiff could not succeed on his § 1983 excessive force claim without negating an element of his conviction for resisting arrest under Ohio law. *Id.*

However, the court in *Delgado* further analyzed the state-law resisting arrest charge to determine to what extent *Heck* barred the plaintiff's § 1983 excessive force claim. It concluded that, under Ohio law, an officer's use of excessive force negates a necessary element of a charge of resisting arrest if, and only if, the excessive force was used before the suspect began resisting arrest. *Id.* If, however, the arresting officers used excessive force after the suspect began resisting arrest, such force would not preclude conviction for resisting arrest under Ohio law. *Id.* Based on this distinction,

the court held that *Heck* barred the plaintiff's § 1983 claims of excessive force arising out of the arresting officer's actions before the plaintiff began resisting, as any finding of pre-resistance excessive force would negate an element of resisting arrest under Ohio law and necessarily imply the invalidity of plaintiff's conviction. *Id.* Conversely, the court held that *Heck* did not bar the plaintiff's § 1983 excessive force claims based on force exerted after the plaintiff began resisting arrest because Ohio law would permit a conviction for resisting arrest in this context. *Id.*

Although instructive, *Delgado* is initially distinguishable from the instant case. Unlike Ohio law, the offense of resisting arrest in Tennessee does not include the element that the suspect must be free from pre-resistance excessive force. *See* Tenn. Code Ann 39-16-602(a). Instead, the arresting officer's pre-resistance excessive force is a statutory defense to the crime of resisting arrest. *State v. Tidwell*, No. 01C01-9807-CC-00288, 1999 WL 436840, *3 (Tenn. Crim. App. June 30, 1999) ("The legality of the arrest is not relevant to the determination of whether the defendant committed the offense of resisting arrest, unless the defendant is claiming self defense against excessive force from officers."). This defense is applicable if the arresting officer (1) "use[d] greater force than necessary to make the arrest," and (2) the suspect "reasonably believe[d] that the force [was] immediately necessary to protect against the law enforcement officer's use or attempted use of greater force than necessary." Tenn. Code. Ann. § 39-11-611(e).

Nothing in the record suggests that, in his criminal trial, Plaintiff raised an excessive force defense to the charge of resisting arrest. Thus, the Court must determine whether the holding in *Delgado* applies equally in the current context—in

which a defense of excessive force to a charge of resisting arrest was not raised in a § 1983 plaintiff's prior criminal trial—as in *Delgado* itself—where lack of excessive force was an element of a charge of resisting arrest.

Prior Sixth Circuit cases suggest that *Delgado* is equally applicable to the instant case. *See Roberts v. Anderson*, No. 05-6828, 2007 WL 79057, at*6 (6th Cir. Jan. 9, 2007) ("[U]nder Tennessee law, an officer's excessive use of force is a defense to a charge of resisting or evading arrest; thus, a guilty plea and resultant conviction of such a charge necessarily includes a finding that the officer did not use excessive force."); *Cummings v. City of Akron*, 418 F.3d 676, 683 (6th Cir. 2005) ("[Plaintiff] could have raised excessive force as a defense to the assault charge, but instead he chose not to contest the charge. Thus, we hold that *Heck* bars [Plaintiff]'s excessive force claim from moving forward . . . .").

Importantly, both *Roberts* and *Cummings* dealt only with allegedly excessive force either exerted *before* the suspect began to resist, or inextricably intertwined with the subject's resistance. *See Roberts*, 2007 WL 79057, at *2 ("Plaintiff alleged that he never resisted arrest or threatened the officers, except in self defense after the beatings began."); *Cummings*, 418 F.3d at 682-83 (Noting that the "struggle between [the plaintiff] and the officers gave rise to both [the plaintiff's] assault conviction and the excessive force claim, and the two are inextricably intertwined."); *see also Potvin v. Westland Police Dept.*, No. 05-CV-70291, 2006 WL 3247116, at *6 (E.D. Mich. Nov. 7, 2006) ("Neither [*Cummings*], nor other Sixth Circuit law, hold that the *Heck* doctrine bars excessive force claims arising after the facts that gave rise to the plaintiff's conviction of resisting arrest.").

A synthesis of the cases discussed above reveals that, in light of a conviction for resisting arrest in Tennessee, whether or not the defense of excessive force was raised at trial, *Heck* bars a plaintiff's § 1983 excessive force claim to the extent that the claim is based on excessive force that occurred *before* the plaintiff began to resist arrest.

In evaluating Defendants' statute of limitations argument, the Court must consider the facts as Plaintiff has alleged them. *Delgado*, 463 F.3d at 495. Plaintiff contends that without provocation, Defendants grabbed his hand, pushed him head-first through a set of closed double doors, and placed him "face down on the pavement with a knee jammed into his back . . . ." (Compl. 2.) Thus, Plaintiff alleges that Defendants used excessive force before Plaintiff resisted them. Accordingly, the Court holds that Plaintiff's § 1983 allegations of pre-resistance excessive force, if found meritorious, would implicitly invalidate Plaintiff's state-court conviction for resisting arrest. *See Delgado*, 463 F.3d at 493-94; *see also Roberts*, 2007 WL 79057, at \*6. *Heck* therefore bars Plaintiff's claim of excessive force under § 1983, which the Court will **DISMISS WITHOUT PREJUDICE**.

### C. Malicious Prosecution under 42 U.S.C. § 1983

The only federal claim remaining before the Court is Plaintiff's § 1983 malicious prosecution claim. This claim is based on the charge of assault on Defendant McPherson, of which Plaintiff was found not guilty. "Although [the Sixth Circuit] has yet to resolve the elements of a federal malicious prosecution claim, it is clear that a plaintiff must show, at a minimum, that there was no probable cause to justify [his] arrest and prosecution. *Thacker v. City of Columbus*, 328 F.3d 244, 259 (6th Cir. 2003) (internal citations omitted) (second alteration in original); *Barnes v. Wright*, 449 F.3d 709, 715-16

(6th Cir. 2006). While Defendants do not argue that Plaintiff's federal, as opposed to state-law, action for malicious prosecution should be dismissed on summary judgment, the Court is presented with two apparent avenues to address Plaintiff's § 1983 malicious prosecution claim at this stage of the litigation.

To the extent that the Court may raise *Heck sua sponte*, Plaintiff's § 1983 claim of malicious prosecution would be barred for the same reasons applicable to Plaintiff's claims of false arrest and false imprisonment. All hinge on the absence of probable cause. *Gumble*, 171 Fed. App'x at 507 (false arrest and false imprisonment); *Thacker*, 328 F.3d at 259 (malicious prosecution). As a finding that Defendants lacked probable cause to arrest Plaintiff would implicitly overrule Plaintiff's state-court convictions, *Heck* would apply to bar these claims. However, Defendants do not put the timeliness of Plaintiff's § 1983 malicious prosecution claim at issue. It is unclear whether the Court may raise *Heck sua sponte*, *Cummings*, 418 F.3d at 681 n.3., and the Court declines to do so here.

Nonetheless, the Court may grant summary judgment for reasons not argued by the parties. *Hunley v. DuPont Auto.*, 341 F.3d 491, 501 (6th Cir. 2003) ("A district court may properly grant summary judgment on grounds not argued in the motion by the parties."); *Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1150 (6th Cir. 1988) ("Where it is clear there is no genuine issue of material fact, a court may properly grant summary judgment on a ground other than that assigned in the motion."). Given that the parties thoroughly addressed the issue of probable cause in another context, the Court will apply their arguments to Plaintiff's § 1983 malicious prosecution claim. Here, there is no genuine issue of material fact as to whether Plaintiff was indicted by a Tennessee grand jury on

the charges of assault on Defendant McPherson—he was. "[I]t has been long settled that the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer." *Barnes*, 449 F.3d at 716 (internal quotations omitted). As a matter of law, Plaintiff's indictment is dispositive of his § 1983 malicious prosecution claim, notwithstanding his allegations—however bare—of improper testimony in front of the grand jury. *Id.* As no genuine issue of material fact exists, and Defendants are entitled to judgment as a matter of law, the Court will **DISMISS WITH PREJUDICE** Plaintiff's § 1983 claim of malicious prosecution.

### D. State Law Claims

As all of Plaintiff's federal claims will be dismissed, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. 28 U.S.C. § 1367(c)(3). Accordingly, the Court will **DISMISS WITHOUT PREJUDICE** Plaintiff's claims of negligence per se, assault, battery, malicious prosecution, false arrest, and false imprisonment under Tennessee law.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment [Court Doc. No. 19] is **GRANTED**. Plaintiff's claims under 42 U.S.C. § 1983 for false arrest, false imprisonment, and excessive force are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's claim of malicious prosecution under § 1983 is **DISMISSED WITH PREJUDICE**. Plaintiff's state-law claims of negligence per se, assault, battery, malicious prosecution, false arrest, and false imprisonment are **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED this 30th day of March, 2007.

                                                *s/ Harry S. Mattice, Jr.*
                                                HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE